UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

RODERICK T. SIMPSON,

Plaintiff,

v. Case No. 5:03-cv-192-Oc-10GRJ

UNITED STATES OF AMERICA,

Defendant.

## ORDER OF DISMISSAL

Plaintiff initiated this action by filing a *pro se, in forma pauperis,* prisoner civil rights complaint (Doc. 1) pursuant to the Federal Tort Claims Act (FTCA),[1] and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics.[2] The Plaintiff is proceeding upon an Amended Complaint (Doc. 16). Pending before the Court is the United States' Motion to Dismiss (Doc. 22) for lack of jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6). For the following reasons, the Court concludes that it lacks jurisdiction to entertain Plaintiff's FTCA claims for medical negligence, the only claims remaining in this case.

## Factual and Procedural Background

Liberally construed,[3] Plaintiff's original complaint (Doc. 1) presented several

[1] 28 U.S.C. § 2671, *et seq*.

[2] 403 U.S. 388 (1971) (authorizing suits against individual federal officials).

[3] Haines v. Kerner, 404 U.S. 519 (1972); see also Miller v. Stanmore, 636 F.2d 986, 988 (5th Cir. 1981).

claims for relief stemming from an injury that occurred in October of 2000 during a flag football game at the Coleman Federal Correctional Complex. In support of his claims, Plaintiff related the following factual background:

During his incarceration, Plaintiff sought permission to play flag football. Plaintiff was never given written permission to play but was assigned to a team. On October 21, 2000, Plaintiff dislocated his knee during a flag football game. The prison recreation specialist notified the medical staff of Plaintiff's injury. Following an examination by prison medical staff, Plaintiff was transported to the emergency department at Leesburg Regional Medical Center (LRMC) for treatment. At LRMC, a private sector medical facility, Plaintiff was visually examined and an emergency department physician snapped Plaintiff's knee back into place. A subsequent x-ray revealed a dislocation of the tibia and the fibula. Plaintiff was admitted to LRMC for further treatment. On October 23, 2000, LRMC physicians Dr. Roger W. Sherman and Dr. Mandume Kerina performed a posterior fasciotomy on the Plaintiff. Plaintiff underwent additional surgery on October 25, 2000, during which internal metal pins were inserted and an external fixator were placed on the injured leg. On October 27, 2000, LRMC physician Dr. Fernandon Serra performed a skin graft on the leg.

On November 6, 2000, Plaintiff was transferred to an extended care facility, and on November 7, 2000, he was transferred to the Federal Medical Center (FMC) in Rochester, Minnesota. Because Plaintiff's leg appeared to be infected upon arrival, Plaintiff was immediately transferred to St. Mary's Hospital in Rochester. At

St. Mary's, Plaintiff underwent several tests and examinations. Plaintiff's leg was found nonviable, and the leg was amputated above the knee on November 13, 2000. Plaintiff's sutures were removed on December 12, 2000, and Plaintiff was told by the staff at St. Mary's that he would be fitted for a prosthetic leg upon his return to the FMC. Plaintiff was discharged from St. Mary's to the FMC, and then was returned to the Coleman Federal Complex.

Plaintiff's original complaint (Doc. 1) named as Defendants the current and former wardens at the Coleman medium-security facility, individual prison medical personnel, the prison recreation specialist, unidentified LRMC physicians who examined and treated Plaintiff, and LRMC Drs. Sherman, Kerina, Serra, and Ravi Gupta. The complaint alleged five causes of action:

(1) A claim that employees of the Bureau of Prisons were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments to the United States Constitution and BOP regulations when they allowed him to play flag football without first conducting a physical examination, or alternatively that those Defendants were negligent for allowing Plaintiff to play flag football without a complete physical examination.

(2) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by failing to consult Plaintiff's prison medical records (which showed that Plaintiff is diabetic) before snapping Plaintiff's knee back into place, or alternatively that those

Defendants were negligent for failing to consult Plaintiff's prison medical records.

(3) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by placing metal pins and metal staples in and on Plaintiff when they should have known that Plaintiff was a diabetic and doing so would cause severe consequences, or alternatively that those Defendants were negligent for placing metal pins and staples in a diabetic patient.

(4) A claim that treating physicians were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by performing a skin graft on Plaintiff before his wounds were properly healed, or alternatively, that Defendants were negligent for prematurely performing the skin graft.

(5) A claim that Coleman staff were deliberately indifferent to Plaintiff's serious medical needs in violation of the Fifth and Eighth Amendments by failing to provide Plaintiff with a prosthetic leg.

Plaintiff subsequently submitted a copy of his FTCA administrative claim to the Court. See Doc. 10, Exh. A. Plaintiff submitted his "Claim for Damage, Injury, or Death" to the BOP on August 22, 2002. The administrative claim only addresses the medical care that Plaintiff received following his injury. With respect to the "nature and extent" of the injury, Plaintiff's claim stated that "[t]he [LRMC] Doctors were negligent in their treatment and lack of treatment to claimant." Id. There is no

reference to any liability by any person for allowing Plaintiff to play football, nor is there any reference to any failure to give Plaintiff a prosthetic leg. Id.

On December 12, 2002, the BOP's Southeast Regional Counsel denied Plaintiff's claim, stating that "we do not find that you have suffered an injury due to the negligence, wrongful act or omission of government employees of the United States. The United States may not be held liable when the cause of injury/loss is predicated on the negligence of a contractor or other person who receives funds and guidance from the United States but over whom the United States does not exercise physical, day-to-day, control. You make no allegations of negligence on the part of the medical staff at FCC Coleman." Id.

In a review of Plaintiff's original complaint pursuant to the Prison Litigation Reform Act (PLRA), the Court determined that Plaintiff had failed to exhaust his prison administrative remedies with respect to his Bivens conditions-of-confinement claims under the Fifth and Eighth Amendments, as is required by 42 U.S.C. § 1997e. See Doc. 11. The Court determined that Plaintiff had exhausted his remedies for purposes of filing suit under the FTCA by filing a timely administrative claim. Id. However, the Complaint failed to name the United States as a Defendant, and the United States is the only proper Defendant in a suit under the FTCA. Id. Accordingly, the Court dismissed Plaintiff's Bivens claims without prejudice and ordered Plaintiff to file an Amended Complaint naming the United States as the

Defendant. Id.[4] In response to the Plaintiff's motion (Doc. 13) seeking reconsideration of that Order, the Court rejected Plaintiff's argument that his administrative claim filed pursuant to the FTCA was intended to seek administrative remedy with respect to all of the claims asserted against the individually-named Defendants in the Complaint, including his Bivens claims. See Doc. 15. The Court noted that the fact that Plaintiff might have to re-file his claims against the individual Defendants did not render the Court's dismissal of those unexhausted claims unfair. Id.[5]

The Plaintiff then filed an Amended Complaint (Doc. 16) naming the United States as the Defendant, which the Plaintiff asserted included all employees of the United States specifically named in the Amended Complaint. See Doc. 16. The Plaintiff asserted the following claims:

(1) That the United States and its employees were negligent in allowing Plaintiff to be assigned to a prison football team without a physical examination or review of Plaintiff's prison medical records;

(2) That the United States and its employees were negligent in failing to consult Plaintiff's medical records and note his diabetic status before snapping his knee back into place;

---

[4] The Court noted that Plaintiff had attempted once to file an Amended Complaint adding the United States as a Defendant (Doc. 10), but that the form of that amendment was improper.

[5] Plaintiff has filed a new federal lawsuit in which he alleges that these claims have been exhausted; that case has not been served pending further review by the Court.

(3) That the United States and its employees were negligent in placing metal pins and metal staples in and on Plaintiff, in light of his diabetic status.

(4) That the United States and its employees were negligent in performing a premature skin graft before Plaintiff's wounds were properly healed.

(5) That the United States and its employees were negligent in failing to provide Plaintiff with a prosthetic leg.

After the Amended Complaint was filed, the Court issued an Order (Doc. 17) concerning, *inter alia*, a pending Motion and Amended Motion for Judgment on the Pleadings and an Answer and Amended Answer filed by one of the originally named Bivens Defendants, Dr. Kerina (Docs. 9 and 14). The Court noted that the individually-named Defendants had been dismissed without prejudice pursuant to the Court's Order (Doc. 11), and that "Plaintiff has filed an Amended Complaint raising only a claim under the FTCA and properly naming only the United States as a Defendant." Dr. Kerina's Answer and Motion were terminated as he was no longer a Defendant in this case. See Doc. 17.

**Remaining Claims and Motion to Dismiss**

The instant Motion to Dismiss (Doc. 22) argues that Plaintiff's claims (1) and (5) above, pertaining to alleged negligence in allowing Plaintiff to play football and in failing to provide him with a prosthetic leg, should be dismissed for lack of jurisdiction because Plaintiff failed to administratively exhaust those claims. As explained above, those claims were dismissed without prejudice as to the individual

Defendants for failure to exhaust. See Docs. 11, 15, 17. To the extent that the Amended Complaint attempts to name any individual Defendants, such claims are improper and must be dismissed. See id. Further, claims (1) and (5) are not properly raised in Plaintiff's Amended Complaint against the United States under the FTCA because they plainly are beyond the scope of the administrative claim filed by Plaintiff and thus, as to those issues, the administrative claim did not "bring[] to the Government's attention facts sufficient to enable it thoroughly to investigate its potential liability[.]"[6] The Court lacks jurisdiction to entertain claims (1) and (5) because they were not exhausted as to the United States.

Accordingly, the only viable claims remaining in this case concern Plaintiff's allegations that he received negligent medical treatment at the hands of LRMC's physicians (claims 2, 3, and 4 in the Amended Complaint).

**Standard of Review**

The United States argues that Plaintiff's claims of negligence on the part of LRMC's physicians must be dismissed because the Plaintiff was treated pursuant to a contract for medical services between the BOP and LRMC, and the United States has no liability under the FTCA for claims against independent contractors. This argument implicates the Court's jurisdiction to entertain Plaintiff's FTCA claims.

The FTCA provides a limited waiver of sovereign immunity for actions against

[6] Free v. United States, 885 F.2d 840, 843 (11th Cir. 1989) (quoting Rise v. United States, 630 F.2d 1068, 1071 (5th Cir. 1980)).

the United States involving, *inter alia*, "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."[7] Statutory waivers of sovereign immunity must be construed strictly in favor of the sovereign.[8] The FTCA specifically excludes from its coverage "any contractor with the United States . . . [t]hus, the United States is not liable for the acts or omissions of the independent contractors that it employs."[9] "The United States, as sovereign, is immune from suits save as it consents to be sued . . . and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit."[10] Because the United States' consent to suit is limited by the terms of the FTCA, "[w]here no such consent exists, a district court has no jurisdiction to entertain a suit against the United

---

[7] Tisdale v. United States, 62 F.3d 1367, 1370-71 (11th Cir. 1995) (quoting 28 U.S.C. § 1346(b)) (emphasis added).

[8] Means v. United States, 176 F.3d 1376, 1378 (11th Cir. 1999) (quotation and citation omitted).

[9] Id. at 1371 (citing 28 U.S.C. § 2671). Congress can, and has, expanded the waiver of sovereign immunity under the FTCA to certain types of contractors. For instance, the Federally Supported Health Centers Assistance Act expanded the waiver to include physician-contractors of certain non-profit federally-funded health centers. Dedrick v. Youngblood, 200 F.3d 744, 746 (11th Cir. 2000). That Act is not at issue in this case.

[10] United States v. Mitchell, 445 U.S. 535, 538 (1980) (internal quotations and citation omitted); see Broussard v. United States, 989 F.2d 171, 177 (5th Cir. 1993) (assertion that physician was independent contractor, not employee, could be raised at any time because issue implicated jurisdiction under FTCA).

States."[11]

Accordingly, the United States' motion to dismiss is properly construed as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1). When such a motion is based on matters outside the complaint, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."[12] The Plaintiff has been afforded an opportunity to respond to the motion to dismiss and to controvert the United States' jurisdictional argument (Doc. 25).[13]

**Status of the LRMC Physicians Under the FTCA**

"The true test for independent contractor status addresses the United States' power to control the detailed physical performance of the contractor, or, in other words, whether [the contractor's] day-to-day operations are supervised by the Federal Government."[14] In the context of determining whether a physician is an employee of the Government or an independent contractor excluded from the FTCA's waiver of immunity, courts have considered various factors pertaining to the

---

[11] Stanley v. Central Intelligence Agency, 639 F.2d 1146, 1156 (5th Cir. 1981).

[12] Williamson v. Tucker, 645 F.2d 404, 413 (5th Cir. 1981) (internal quotation and citation omitted); see also Barnett v. Okechebee Hospital, 283 F.3d 1232, 1237-38 (11th Cir. 2002).

[13] See Williamson, 645 F.2d 414 ("plaintiff should have an opportunity to develop and argue the facts in a manner that is adequate in the context of the disputed issues and evidence.").

[14] Tisdale, 62 F.3d 1371 (internal quotations and citations omitted).

relationship between the parties (here, the BOP and the individual LRMC physicians). As one court has explained, "[t]he circuits have consistently held that physicians either in private practice or associated with an organization under contract to provide medical services to facilities operated by the federal government are independent contractors, and not employees of the government for FTCA purposes."[15] The Eleventh Circuit has cited these cases as examples of application of the "control test" for purposes of FTCA liability, and has held that "the threshold test for determining whether an individual is an employee of the government is whether the government supervised the day-to-day activities of the individual who allegedly committed the tortious acts."[16]

As support for its argument that the individual LRMC physicians implicated in the Amended Complaint are not "employees" under the FTCA, the United States has offered an affidavit from the Human Resources Manager for Coleman FCC attesting to the fact that Drs. Sherman, Kerina, and Serra are not employed by the BOP. The United States also points to the BOP's solicitation for contracts for medical services for Coleman. A summary of that solicitation published in Commerce Business Daily

---

[15] Robb v. United States, 80 F.3d 884, 890 (4th Cir. 1996) (citing Carrillo v. United States, 5 F.3d 1302 (9th Cir. 1993); Broussard v. United States, 989 F.2d 171 (5th Cir. 1993); Leone v. United States, 910 F.2d 46 (2d Cir. 1990); Lilly v. Fieldstone, 876 F.2d 857 (10th Cir. 1989); Lurch v. United States, 719 F.2d 333 (10th Cir. 1983); Bernie v. United States, 712 F.2d 1271 (8th Cir. 1983).

[16] Means, 176 F.3d at 1379, 1380 (finding that county officials who secured residence for execution of federal search warrant were not employees of the federal government under the FTCA).

reflects that the BOP solicited multiple indefinite quantity contracts with hospitals within a 75-mile radius of Coleman for medical services to include: "inpatient, room and board, ancillary services, outpatient services, medically necessary professional services as appropriate[.]" Doc. 22, Exh. 11. The solicitation describes general terms of the contract, such as the preferred payment methodology, the contract period, and the estimated prisoner inpatient days and prisoner outpatient visits. Id. LRMC was awarded one of the medical services contracts on March 28, 1997. Id. Exh. 12. The contract award reflects that the award was made to LRMC, and does not suggest that there is any contractual relationship between the BOP and individual physicians working at LRMC. Nor has the Plaintiff alleged any facts suggesting that the BOP engaged in any day-to-day supervision of LRMC, let alone the individual physicians identified in the Amended Complaint. The evidence before the Court is sufficient to conclude that Drs. Sherman, Kerina, and Serra were not United States "employees" within the meaning of the FTCA, and therefore there is no federal jurisdiction over Plaintiff's remaining claims.[17]

## Conclusion

For the reasons set forth in this Order, it is hereby ORDERED and ADJUDGED that the Amended Complaint is **DISMISSED with prejudice**. The Clerk is directed to enter judgment dismissing this case with prejudice, terminate any

[17] See Means, 176 F.3d at 1380.

pending motions, and close the file.

**DONE AND ORDERED** at Ocala, Florida, this 10th day of August 2005.

UNITED STATES DISTRICT JUDGE

c: Roderick T. Simpson
Counsel of Record